McKinney, J.,
delivered the opinion of the Court.
During the pendency of this suit, namely : -at the March Term, 1858, the death of the defendant, Walker, was suggested.
The County Court of Franklin, on the application of the the plaintiff, appointed William G. Brooks “ speeial administrator ” of the estate of the deceased, “for the purpose of defending ” this particular suit. Brooks was brought in, by scire facias, to show cause why the suit should not be revived against him. The revivor being objected to, was refused by the Court; and the case is brought here upon this question.
We are aware of no authority for the appointment of an administrator in such a case. The exact case is provided for by the act of 1809, ch. 121, sec. 3. By this statute, it is enacted, in substance, that when a suit may be pending against a person who shall die intestate, and no one will administer on his estate, the plaintiff, by scire facias, may revive against his heirs, for whom, if minors, the Court shall appoint a guardian to defend the suit, and this being done, “ the plaintiff may prosecute his suit to judgment and execution, as in other c.ises.”
*570 The provision of the Code, (see. 2849,) is still broader; it authorizes a revivor, in such cases, bj or against the heirs of either plaintiff or defendant, who may die pending the suit.
There is no error in the judgment.